IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACHARY JAMES STUART SAILORS,

**Plaintiff,**

v.                                                    CASE NO. 19-3011-SAC

TIM KECK, et al.,

**Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff, a person held at the Shawnee County Jail, brings this action under 42 U.S.C. § 1983. Plaintiff commenced the matter in the U.S. District Court for the District of Maryland, and the case was transferred to the District of Kansas.

### Nature of the Complaint

The matter comes before the court on plaintiff's amended complaint (Doc. 10). Plaintiff states that in October 2018, while he was a resident of the Larned Security Hospital, he discovered that another resident had been beaten and went to his aid. As a result, plaintiff had blood on his clothing and skin. He was ordered to lockdown and was told he would be allowed a shower. However, it was six hours before his clothing was taken as evidence and 22 hours before he received a shower.[1]

Plaintiff alleges legal and medical malpractice and toxic exposure. He seeks unspecified compensation and an examination.

### Screening Standards

A federal court must conduct a preliminary review of any case

---

[1] A state civil action arising from the same incident was dismissed. Case No. 2018-cv-967, Shawnee County District Court.

in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action

harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Here, plaintiff's claims of legal and medical malpractice present no more than conclusory statements and are insufficient to state constitutional claims.

Next, plaintiff's bare claim of "toxic exposure", even if read liberally to allege a claim of deliberate indifference to his conditions of confinement, is insufficient to state a claim for relief. Rather, to present a claim of deliberate indifference, plaintiff must meet both objective and subjective components. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). To meet the objective component, plaintiff must show there is "objective evidence that the deprivation at issue was in fact sufficiently serious." *Id.* To properly present a claim concerning the conditions of confinement, plaintiff must "establish that it is contrary to current standards of decency for anyone to be so exposed against his will and that prison officials are deliberately indifferent to his

plight." *Helling v. McKinney*, 509 U.S. 25, 34 (1993). Where, as here, the claim alleges exposure to hazardous materials that may cause future harm to a plaintiff's health, the court asks whether the exposure is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* at 36. The length of a plaintiff's exposure to the hazardous condition is "of prime importance." *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). "[T]he severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation." *Id.*

Here, while plaintiff alleges unpleasant conditions for approximately 22 hours, he does not identify any injury that resulted from the exposure, although he filed his complaint approximately three months later.

Next, to meet the subjective component, plaintiff must show that a defendant official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mata*, *id*. Plaintiff's allegations do not show that any defendant deliberately disregarded an excessive risk to him.

For these reasons, the court is considering the dismissal of this action. Plaintiff will be directed to show cause why this matter should not be dismissed. If he chooses, he may file an amended complaint.

## Motion to Appoint Counsel

Plaintiff has moved for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil

matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1. 23 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

Because the court has found that plaintiff has not adequately pled a claim for relief, it will deny the motion. If plaintiff files an amended complaint that survives screening, the court will reconsider the request for counsel.

### Order to Show Cause

For the reasons set forth, the court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. Plaintiff may submit an amended complaint to cure the deficiencies noted by the court. Plaintiff's amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change

defendants, plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **March 25, 2021,** to show cause and, if he chooses, to file an amended complaint.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 12) is denied.

**IT IS SO ORDERED.**

DATED:  This 11th day of March, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge